UNITED STATES v. HILBERT.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

No. 242 (4,142).

1. CUSTOMS DUTIES (§ 35*) — CLASSIFICATION — ORNAMENTS IN THE PIECE — "TRIMMINGS OR GALLOONS."

Ornaments, loops, etc., which are manufactured separately but are temporarily stitched together in six-yard lengths for convenience and economy in handling and carding, and which are used singly in decorating garments, are not "trimmings or galloons," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 35.*]

2. CUSTOMS DUTIES (§ 17*)—TEMPORARY CONDITION AS AFFECTING CLASSIFICATION.

While it is elementary that generally duty must be assessed upon imported articles according to their condition on arrival, the temporary stitching together of ornaments on economical grounds does not require that the articles should be classified otherwise than if they had been imported individually.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 17.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision below reversed a decision by the Board of United States General Appraisers (G. A. 6180, T. D. 26,808), and reads as follows:

HAZEL, District Judge. The articles in controversy consist of ornaments, loops, medallions, etc. When imported they are sewn together with silk thread for the purpose of saving the expense of separately mounting or carding them. The question now arises whether such articles are dutiable as trimmings at 60 per centum ad valorem under paragraph 390 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901. p. 1670]), or, as claimed by the importer, as manufactures of silk at 50 per centum ad valorem under paragraph 391.

The articles are ornaments or decorations for garments, and not trimmings, as that term is understood in commercial parlance. The figures, scrolls, or designs are manufactured separately, are not regular in size, and doubtless were stitched together for convenience in handling and to avoid expense of separate carding. The individual pieces were sewn together after their manufacture and after their importation such pieces were cut apart, and sewn upon cards, and sold to the trade by the dozen as ornaments. While such articles might be used as trimmings, they are usually used separately for the purpose of decorating portions of a dress or garment and to impart a distinctive effect. The importer testified that at first he purchased articles of this description abroad at a certain price per dozen, and later he purchased them by the yard. The stipulation in evidence shows the goods were imported in pieces six yards in length, and are invoiced and bought at a price per dozen yards.

The government contends that, as the goods are bought by measure, they are dutiable as trimmings, and not as manufactures of silk. It is pointed out that in the case of Garrison, Wright & Co. v. United States (C. C.) 121 Fed. 149, it was held by Judge Wheeler that where articles analogous to those in question are bought and sold by the piece they are not dutiable as trimmings, which are usually bought and sold by linear measure. The principle of the case indicates, I think, that when the imported article, design, or ornament is intended for separate decorative effect, as distinguished from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a continuous extension of ornamentation on a garment, such as trimmings, the former retains its specific designation of ornaments for tariff purposes. In the Garrison Case the court, speaking of the known distinction between trimmings and ornaments, says: "The dropping of the word 'ornaments' from the act of 1897 (U. S. Comp. St. 1901, p. 1626), does not indicate that what would be ornaments are to be trimmings, rather than manufactures or anything else, for which apt words are retained, or otherwise seem to show that the well-established distinction between trimmings and other articles was intended to be removed."

The exhibits in this case are separate and distinct articles, are not uniform in appearance or size, and are entirely independent pieces, appropriate for individual use and effect. The fact that such articles are bought in six-yard lengths to lessen the expense of carding and not at a fixed price for each separate ornament is not thought to require their classification as trimmings. I think the articles have been incorrectly assessed, and that they are dutiable at 50 per centum ad valorem under paragraph 391.

The protest of the importer is sustained, and the decision of the Board of General Appraisers reversed.

Henry A. Wise, U. S. Atty. (J. Osgood Nichols, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel, and George J. Puckhafer, on the brief), for importer.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The merchandise in controversy consists of ornaments, loops, and medallions made of silk and imported in pieces six yards in length. When imported they are sewed together, but on arrival they are cut apart, mounted on cards and are thus marketed, being sold by the dozen as ornaments or loops. The sewing together is done after the individual articles are manufactured, for convenience in packing for importation, the cost of putting up the goods being reduced thereby, as compared with carding the ornaments singly, about 12½ to 15 per cent. The collector classified the articles as trimmings or galloons under paragraph 390 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]); the importer insists that they should have been placed under paragraph 391 of the act as "manufactures of silk." The board affirmed the collector and the Circuit Court reversed the board.

That the importations are ornaments, loops, and medallions, used singly and not as trimming is used, for decorating the garments of women, is established by the proof. There is no testimony to dispute this statement; at least we have found none. The only reason the separate units are sewed together is for the convenience of packing for transportation. This proposition is criticised by the board and by counsel for the United States, but there is no proof on which to base the criticism.

It is suggested that the ornaments as sewed together might in that condition be "bound around the bottom of a woman's skirt, for which an entire roll might very well be used without being cut apart at all." As an abstract proposition this may be true. The difficulty is that there is no testimony in the record to support it. On the contrary, the testimony is uncontradicted that the ornaments are cut apart and

sold, not as trimming but as units. It is unsafe for courts to base their judgments on what might be done, especially when what actually is done has been proved without contradiction.

It is elementary that as a general rule duty must be assessed upon imported articles according to the condition they are in upon arrival at our ports, but we think the decision of the Circuit Court furnishes no departure from this rule. The temporary stitching of the ornaments together for the purpose of transportation did not change their character; it did not make trimmings of them. The well-known distinction in tariff nomenclature between ornaments and trimmings was in no way disturbed. If the samples in evidence had been placed one upon another in piles of 100 and then sewed together to keep the piles intact, it will probably be admitted that they would not be converted into trimmings by this process; and yet, so far as the proof goes, this is precisely what was done in the present case, the form of fastening being different. In other words, there is not a particle of proof that the ornaments were ever used as trimmings or in any other way in the form in which they reached the port of New York or could be so used.

The decision of the Circuit Court is affirmed.